State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. John G. Taylor, respondent.

727 N.W.2d 229

Filed February 2, 2007. No. S-06-1330.

Heavican, C.J., Wright, Connolly, Gerrard, Stephan,
McCormack, and Miller-Lerman, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of
license filed by respondent, John G. Taylor. The court accepts
respondent's surrender of his license and enters an order of
disbarment.

## FACTS

Respondent was admitted to the practice of law in the State
of Nebraska on September 28, 1995. At all times relevant
hereto, respondent was engaged in the private practice of law in
Nebraska.

On November 27, 2006, an application for the temporary sus-
pension of respondent from the practice of law was filed by the
chairperson of the Committee on Inquiry of the First Disciplinary
District. The application stated, in effect, that respondent was
overdrawn on his attorney trust account in the amount of $4,340.55
and that respondent had in the past misappropriated client funds
for his personal use. The application further stated, in effect, that
respondent "is engaging in conduct that, if allowed to continue
until final disposition of disciplinary proceedings, will cause seri-
ous damage to the public and to the legal profession."

On January 10, 2007, respondent filed with this court a volun-
tary surrender of license, voluntarily surrendering his license to
practice law in the State of Nebraska. In his voluntary surrender
of license, respondent knowingly does not challenge or contest
the truth of the allegations in the application for temporary sus-
pension to the effect that he was overdrawn on his attorney trust
account and that he had misappropriated client funds. In addition

to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment. Respondent's voluntary surrender was accompanied by his bar card and an indication that he had notified his clients of his voluntary surrender.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him in the application for temporary suspension. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION ·

Upon due consideration of the court file in this matter, the court finds that respondent voluntarily has stated that he knowingly does not challenge or contest the truth of the allegations in the application for temporary suspension to the effect that he was overdrawn on his attorney trust account and that he had misappropriated client funds. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. of Discipline 16 (rev. 2004), including rule 16(A)(4), which requires respondent to notify in writing all members and nonresident attorneys involved in pending legal or other matters being handled by respondent of

his altered status, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.